UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN KIRKMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:12CV1704 CDP |
| JEFFREY WITT, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On April 2, 2013, plaintiff Steven Kirkman's attorney was allowed to withdraw from this case. The following day, the case was transferred to me. On April 11, 2013, I ordered Kirkman (now acting *pro se*) to have a new attorney enter an appearance by May 3, 2013 or to respond by May 31, 2013 to the pending motions in this case. No attorney entered an appearance by May 3. Instead, Kirkman filed a *pro se* motion to dismiss this action without prejudice because he had been "unable to retain competent replacement counsel."

Although they had also moved to dismiss the claims against them, several of the defendants oppose Kirkman's motion to dismiss. These defendants argue that Rule 41(a)(1)(B), Fed. R. Civ. P., requires any voluntary dismissal of this case to operate "as an adjudication on the merits" – that is, with prejudice – because this is an action Kirkman previously filed and dismissed voluntarily in state court. These defendants also

argue that I should rule on their motions for sanctions, which were pending before Kirkman sought to dismiss the case.

Therefore, this case now comes before me on seven motions: plaintiff's motion to dismiss without prejudice; three defendants' motions to dismiss with prejudice various parties and claims; and three motions for sanctions under Rule 11, Fed. R. Civ. P. After careful consideration, I will grant Kirkman's motion to dismiss without prejudice. Because the whole case will be dismissed, I will deny as moot the motions to dismiss filed by defendants Russell Schindehette, Angela Bahr, and Old Republic Title Company. I will also deny the motions for sanctions filed by Schindehette, Bahr, K. Kelly Wallace, and Collins Appraisal Consultants, LLC, because I do not find that Kirkman's claims against them were frivolous or were brought for an improper purpose.

I.      **Motions to Dismiss**

Under Rule 41(a)(1), Fed. R. Civ. P., a plaintiff may dismiss his case without a court order – and without prejudice – before the opposing party has answered. "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim," such a dismissal "operates as an adjudication on the merits," that is, with prejudice. *Id.*

Under Rule 41(a)(2), a court order is required if a plaintiff seeks to dismiss his case *after* the opposing party has filed an answer. Such a dismissal must be "on terms that the court considers proper." *Id.*; *see also Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th

Cir. 1984) (Rule 41(a)(2) dismissal is not automatic but committed to the discretion of the district court).

Here, certain defendants agree with Kirkman that dismissal is proper, but they argue that any dismissal must be *with* prejudice, in accordance with Rule 41(a)(1)(B). But Kirkman's motion to dismiss is not governed by Rule 41(a)(1) because some of the defendants have already filed answers in this case. As such, this action is governed by Rule 41(a)(2) and may be dismissed "only by court order, on terms that the court considers proper."

Because of Kirkman's current lack of representation and his inability to find new counsel, I find that dismissal without prejudice is proper. But I will attach a condition to this dismissal: if Kirkman files yet another case "based on or including the same claim against the same defendant," he will be required to pay the costs of this action, including the reasonable attorneys' fees the defendants expended in defending it. Rule 41(d), Fed. R. Civ. P.; *Kern*, 738 F.2d at 972 (quoting *New York, Chicago & St. Louis R.R. Co. v. Vardaman*, 181 F.2d 769, 771 (8th Cir. 1950)) ("payment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice"); *see also Chandler v. Case W. Reserve Univ.*, 57 Fed. Appx. 683, 685–86 (6th Cir. 2003) (district court properly dismissed with prejudice re-filed action because plaintiff did not pay, as ordered, defendants' attorney fees from previous case).

Because the entire action will be dismissed, the defendants' motions to dismiss various parties and claims will be denied as moot.

## II. Motions for Sanctions

District courts retain jurisdiction to rule on motions for sanctions even if filed after a dismissal. *Dunn v. Gull*, 990 F.2d 348, 350 (7th Cir. 1993); *see also Kurkowski v. Volcker*, 819 F.2d 201, 203 (8th Cir. 1987).

Here, several of the defendants have moved for sanctions against Kirkman under Rule 11, Fed. R. Civ. P. In particular, these defendants argue that this action was frivolous or was instituted for an improper purpose, namely, to evade bankruptcy laws. *See* Rule 11(b)(1)–(2). The defendants contend that Kirkman knew or should have known that he had no standing to bring this action because he had previously filed for and been discharged from bankruptcy. They also contend that Kirkman's prior suit in state court, which he voluntarily dismissed, was substantially similar to the instant action and therefore somehow provides a basis for sanctions.

I disagree. First, the defendants have not shown why Kirkman should be sanctioned for instituting this lawsuit after voluntarily dismissing his similar state-court suit. Kirkman dismissed the state-court action for the explicit purpose of re-filing in this court. *See Kirkman v. Witt*, 1011-CV11671 (St. Charles Cir. Ct. March 30, 2011). The defendants have not demonstrated that the re-filing was done for any improper purpose.

– 4 –

Second, though Kirkman did file for bankruptcy, he instituted this action after he had been discharged, and he listed a potential lawsuit against some of the defendants (and defendants' employers) on his schedule of personal property.  (*See* Kirkman Bankr. Pet., Ex. 1 to Schindehette Mot. to Dismiss, p. 13.)  As such, there are legitimate questions about whether some or all of Kirkman's claims (including those against Schindehette, Wallace, Bahr, and Collins Appraisal) were property of the bankruptcy estate and whether Kirkman regained standing to pursue those claims after discharge.  Under these circumstances, I do not find that Kirkman deserves sanctions for instituting this case.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Steven Kirkman's motion to dismiss case without prejudice [#39] is granted, with the following provision:  if Kirkman re-files these claims, he must pay to the defendants any costs, including reasonable attorney fees, incurred in this case.

**IT IS FURTHER ORDERED** that the motions to dismiss by defendants Russell Schindehette [#5]; Old Republic Title Company [#7]; and Angela Bahr [#17] are denied as moot.

---

[1]  Defendant Schindehette is the only defendant who cites any precedent in support of his motion for sanctions.  None of the cases he relies upon is on point.  In most of the cited cases, sanctions were awarded because the claim brought had been previously adjudicated on the merits.  *See Kountze v. Gaines*, 536 F.3d 813 (8th Cir. 2008), *Prof'l Mgmt. Assocs., Inc. v. KPMG, LLP*, 345 F.3d 1030 (8th Cir. 2003); *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678 (8th Cir. 1997). That is not the case here.  The rest of the cases provide no support for awarding sanctions here other than generally affirming a district court's discretion to do so.

**IT IS FINALLY ORDERED** that the motions for sanctions by defendants Russell Schindehette [#13], Angela Bahr [#16], and Collins Appraisal Consultants, LLC and K. Kelly Wallace [#38] are denied.

                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2013.